Filed Jan. 3, 1894.

---

No. 1,062.

## GRAHAM *v*. THE STATE.

CRIMINAL LAW.—*Pointing Firearm.—Indictment, Sufficiency of.—Statute Construed.*—An indictment which charges the willful pointing of a firearm at another, by a person over ten years of age, is sufficient without alleging whether such act was with or without malice, or whether the firearm was loaded or empty, the *gravamen* of the indictment being the willful pointing of the firearm at another.

From the Noble Circuit Court.

*P. V. Hoffman,* for appellant.

*A. G. Smith,* Attorney-General, and *L. D. Fleming,* Prosecuting Attorney, for State.

LOTZ, J.—The appellant was indicted, tried, and convicted for the violation of section 342, Elliott's Supp.

He appealed from the judgment, and assigns as error:

1. That the facts stated in the indictment do not constitute a public offense.

2. That the court erred in overruling the motion for a new trial.

The indictment is assailed for the first time in this court.

The substantial parts of the indictment are "That

Charles Graham, on the 26th day of February, in the year 1893, at the county of Noble, in the State of Indiana, did then and there unlawfully and purposely point and aim a certain firearm, to wit, a revolver, at and toward Lizzie Kinney, May Kern, Rush Cunningham, said Charles Graham being then and there over the age of ten years.''

By section 342, supra, it is enacted ''That it shall be unlawful for any person over the age of ten years, with or without malice, purposely to point or aim any pistol, gun, revolver, or other firearm, either loaded or empty, at or toward any other person, and any person so offending shall be guilty of an unlawful act, and upon conviction shall be fined in any sum not less than one nor more than five hundred dollars.''

Appellant asserts that the indictment fails to charge a public offense, because there is no allegation to show whether the pointing was done with or without malice, and that there is no allegation to show whether the revolver was loaded or empty.

This contention can not prevail.

To constitute an offense, the pointing must be purposely done. The statute recognizes two classes of persons who may commit the offense, those who are actuated by malice and those who are actuated by foolish and mischievous motives. It also recognizes two kinds of firearms that may be pointed, those that are loaded and those that are empty. The evident purpose of the statute is to bring under the ban of the law the willful pointing of a firearm at another. The motive that actuates the person, or the kind of firearm, whether loaded or empty, are but incidental matters. The indictment charges a willful pointing of a firearm at another. These facts constitute a public offense.

The only cause for a new trial discussed by appellant

is that the verdict is not supported by sufficient evidence. There was some evidence, although very meager, which tended to support the verdict. Where the jury and trial court, who were in the living presence of the witnesses, have weighed the evidence and reached a certain conclusion, we are not warranted in disturbing the judgment on the weight of the evidence.

Judgment affirmed, at costs of appellant.

Filed Jan. 3, 1894.