## WINKLES *v.* THE STATE.

LUMPKIN, P. J.    1. When in the trial of an indictment founded upon section 343 of the Penal Code, which makes it a misdemeanor to "intentionally point or aim a gun or pistol . . at another," the court not only read the section to the jury but in so doing distinctly emphasized the proposition that in order to render the accused guilty the pointing or aiming must have been intentional, a failure in subsequent portions of the charge to use the word "intentionally" in connection with the word "point" or "aim" is not cause for a new trial ; and the more especially is this so when the evidence warranted a finding that the accused did intentionally point a gun at the prosecutor, and the former did not in his statement set up the defense that the weapon was unintentionally pointed, but denied altogether that he pointed it at the prosecutor.

2. It is not essential to a conviction under this section for the State to show that the pointing of the weapon was done with an intention to shoot.

3. The use of opprobrious, insulting, or abusive language by one person to another will not, without more, justify the latter in pointing or aiming a gun or pistol at the former.    *Skinner* v. *State*, 98 *Ga.* 127.

4. The evidence in the present case warranted the verdict.
   *Judgment affirmed.    All the Justices concurring, except Little, J., absent.*

Argued December 16, — Decided December 20, 1901.

Indictment for misdemeanor.    Before Judge Janes.    Polk superior court.    October 17, 1901.

*Sanders & Davis*, for plaintiff in error.
*W. T. Roberts, solicitor-general*, and *William Janes*, contra.