## EATON v. THE STATE.

[No. 20,265. Filed April 29, 1904.]

HOMICIDE.—*Involuntary Manslaughter.*—*Indictment.*— An indictment charging one with involuntary manslaughter, under §1981 Burns 1901, must show that the accused was engaged in the commission of some unlawful act from which the homicide in question resulted. *p. 555.*

SAME.— *Involuntary Manslaughter.*— *Unlawful Act.*—*Pointing of Firearm.*— *Indictment.*—An indictment charging involuntary manslaughter as a result of the pointing of a firearm, in violation of §2073 Burns 1901, is insufficient, where there is no allegation that the pointing of the firearm was purposely done. *pp. 556–558.*

From Gibson Circuit Court; *O. M. Welborn,* Judge.

Charles Eaton was convicted of involuntary manslaughter, and appeals. *Reversed.*

*W. E. Stilwell* and *Henry Kister,* for appellant.

*C. W. Miller,* Attorney-General, *C. C. Hadley, W. C. Geake* and *L. G. Rothschild,* for State.

JORDAN, J.—Appellant was tried upon an indictment and found guilty by a jury of having committed the crime of involuntary manslaughter. The jury found that his true age was nineteen years. Over his motion for a new trial he was sentenced by the court to be confined in the Indiana reformatory prison for a period of not less than

two nor more than twenty-one years. From this judgment he appeals, and assigns errors (1) that the court erred in overruling his motion to quash the indictment; (2) in overruling his motion for a new trial.

That part of the indictment charging the offense is as follows: "That one Charles Eaton, late of said county, on the 15th day of April, A. D. 1903, at said county and State aforesaid, did then and there unlawfully and feloniously, and without malice express or implied, and involuntarily, kill one Lizzie Eaton, by then and there shooting her, the said Lizzie Eaton, in and upon the body, with a certain pistol loaded with gunpowder and leaden balls, which he, the said Charles Eaton, then and there had and held in his hand, while he, the said Charles Eaton, was then and there in the commission of an unlawful act, to wit, pointing and aiming a certain firearm, to wit, a pistol, at and toward the said Lizzie Eaton, he, the said Charles Eaton, being then and there over the age of ten years, whereby, and by means of said unlawful pointing and aiming said pistol as aforesaid at the said Lizzie Eaton, said pistol was discharged at, against, and into the body of the said Lizzie Eaton, and did then and there mortally wound the said Lizzie Eaton, and of which wound so inflicted as aforesaid the said Lizzie Eaton then and there died, contrary," etc.

Involuntary manslaughter is defined by our statute as follows: "Whoever unlawfully kills any human being without malice, express or implied, * * * involuntarily, but in the commission of some unlawful act, is guilty of manslaughter, and upon conviction thereof, shall be imprisoned in the state prison not more than twenty-one years nor less than two years." §1981 Burns 1901.

To constitute a good charge of this crime it is essential that it be shown in the indictment that the accused person was engaged in the commission of some unlawful act from which the homicide in question resulted. *Willey* v. *State*,

46 Ind. 363. The unlawful act in the commission of which it is claimed by counsel for the State appellant was engaged, and the one to which the indictment attributed the killing of the deceased, is defined by §2073 Burns 1901 as follows: "It shall be unlawful for any person over the age of ten years, with or without malice, purposely to point or aim any pistol, gun, revolver, or other firearm, either loaded or empty, at or toward any other person, and any person so offending shall be guilty of an unlawful act, and upon conviction shall be fined in any sum not less than $1 nor more than $500."

The objection urged against the sufficiency of the indictment is that it fails to disclose that the accused was engaged in the commission of the unlawful act declared by this section of the statute, for the reason that neither the word "purposely", contained in the statute, nor any word of equivalent import or meaning is employed in the indictment in charging that he was in the commission of such unlawful act. Or, in other words, his counsel contend that the *gravamen* of the offense described or defined by the section in question is that the pointing or aiming of the pistol must be purposely or intentionally done on the part of the accused person. In answer to this contention, counsel for the State say: "This contention is undoubtedly true so far as the word 'point' is concerned, yet the court will observe that the statute also contains the word 'aim,' with the reference to the use of any pistol, gun, revolver," etc. Therefore they argue that the absence of the word "purposely" does not render the pleading defective, because, in addition to the word "pointing," the word "aiming" is used. Counsel's position in this respect is wholly untenable. It will be seen that the statute declares it to be an unlawful act for anyone over the age of ten years "purposely to point or aim any pistol," etc. "Purposely" as therein used means intentionally or designedly. *Fahne-*

*stock* v. *State,* 23 Ind. 231. The word "aim" is used in the disjunctive, and under such circumstances the statute may be violated by doing either or both of the forbidden acts. The person accused thereunder may be charged (1) with having purposely pointed the pistol at and towards another; (2) with having purposely aimed the weapon at and towards another; (3) with having purposely pointed and aimed the weapon at and towards another. See Gillett, Crim. Law (2d ed.), §679, and the form of an indictment therein given. By the latter method of pleading but one offense would be charged, and upon conviction the violator would be subject to the penalty provided. *Rosenbarger* v. *State,* 154 Ind. 425.

The legislature has made the qualifying word "purposely" a necessary ingredient of the crime defined by §2073, *supra,* and hence it can not be dispensed with in charging such offense, unless a word of equivalent import be used. Murder in the second degree is declared by our statute to be where one "purposely and maliciously * * * kills any human being." Certainly no one would contend that a charge of murder of the second degree would be sufficient where neither the word "purposely," nor language of an equivalent meaning, was employed by the pleader. Wherein then can it in reason be asserted that in charging the commission of the unlawful act defined by §2073, *supra,* the pleading will be sufficient, although neither the word "purposely," nor one conveying the same meaning, is used? In *Graham* v. *State,* 8 Ind. App. 497, the court had under consideration this same statute. In that appeal it was held that to constitute the offense the pointing of the weapon must be purposely done.

That the indictment in the case at bar is fatally defective for the reasons stated is certainly evident. Other objections are urged against it, but as to whether it is open to these we need not and do not determine.

It follows that the court erred in overruling the motion to quash, for which error the judgment is reversed, and the cause remanded, with instructions to the lower court to quash the indictment.