## 1541.   BADGER *v*. THE STATE.

An accusation of the offense of assault and battery, after the formal statutory beginning, charged that on a day named the accused, "with force and arms, did assault and beat one C. D. Fields in the State and county aforesaid, contrary to the laws, good order, peace, and dignity of said State." After conviction a motion in arrest of judgment was made, on the ground that the word "unlawfully" was omitted from the accusation, as characterizing the act of the alleged assault and battery. *Held*, that the motion in arrest of judgment was properly overruled.

(*a*) The charge in the accusation, that the assault and battery was "contrary to the laws, *good order, peace, and dignity of said State*" was sufficient, and rendered the use of the word "unlawfully" unnecessary.

(*b*) If the omission from the accusation of the word "unlawfully" rendered the accusation defective, it was a defect as to form; and demurrer, and not motion in arrest, was the proper proceeding.

(*c*) Where the accusation or indictment charges the commission of "assault and battery," the law supplies the definition of that offense; and where the proof shows an assault and battery, a prima facie case is made out, and the defendant must show justification.

Indictment for assault and battery, from Effingham superior court—Judge Seabrook. November 14, 1908.

Submitted January 14,—Decided January 27, 1909.

*Gordon Saussy, Edwin A. Cohen*, for plaintiff in error.

*N. J. Norman, solicitor-general*, contra.

HILL, C. J.   Plaintiff in error was convicted of the offense of assault and battery. He made a motion in arrest of judgment, which the court overruled, and he brings error. His motion in arrest is based on the omission from the accusation of the distinct charge that the assault and battery was "unlawful." The charging portion of the accusation is as follows: "The said Dennis Badger, . . with force and arms, did assault and beat one C. D. Fields in the State and county aforesaid, contrary to the laws, good order, peace, and dignity of said State."

The accusation in this case was in strict conformity to the form prescribed by section 929 of the Penal Code. The allegation that

the assault and battery charged to have been committed by the accused was contrary to the laws of the State, the good order, peace, and dignity thereof, was tantamount to charging that it was unlawful, and left no ground to doubt or question its character. The case of *Hardin* v. *State,* 106 *Ga.* 384 (32 S. E. 365, 71 Am. St. R. 269), relied upon by the plaintiff in error as supporting his contention, is authority against the soundness of his position. The indictment in the *Hardin* case charged the defendant with "unlawfully" selling spirituous liquors. A demurrer was filed to the indictment, because it did not conclude with the words prescribed by the statute (Penal Code, §929),—that the alleged act was "contrary to the laws of said State, the good order, peace and dignity thereof,"—and, therefore, the indictment was fatally defective and void. In answer to this contention it was insisted by the State's counsel that as the accused was charged with "unlawfully" selling liquors, this was a substantial compliance with that part of the form of an indictment prescribed by the statute. The Supreme Court held that the use of this word "unlawfully" did not necessarily charge that the act of selling liquors by the defendant was contrary to the laws of the State, as "there may be unlawful sale of liquors against the revenue laws of the United States, without a violation of the laws of this State regulating the sale of such an article;" and also held that the language of the statute was mandatory and required a literal compliance with its terms, and that every indictment or accusation should not only conclude with the charge that the act described was contrary to the laws of the State, but must also charge that it was contrary to the good order, peace, and dignity of the State. For these reasons the Supreme Court held that the indictment was defective in form, and that the demurrer on that ground should have been sustained. The writer can not give full mental concurrence to the opinion of the court in the *Hardin* case, and, with great deference, questions the logic of the reasons assigned for the opinion. The statement that the unlawful character of the sale charged in the indictment might apply to a violation of the internal revenue laws of the United States seems to be somewhat far-fetched and fanciful, and to be an argument of refined ingenuity rather than of rational substance. The writer also thinks that a substantial compliance with the mere form of an indictment would be sufficient, if the indictment, al-

though technically defective in form, nevertheless sets forth distinctly and fully the substance of the offense charged. Prescribed forms should be given a liberal, and not a literal intendment. _Loyd_ v. _State,_ 45 _Ga._ 57; _Tarver_ v. _State,_ 123 _Ga._ 496 (51 S. E. 501). But in the _Hardin_ case, the Supreme Court held only that the omission to conclude the indictment as required by the statute, there being no similar words used, was a defect as to form, and, as such, was subject to demurrer. It would have furnished no ground for arresting the judgment, and was waived by plea to the merits, and cured by verdict. Penal Code, § 955; _Lanier_ v. _State,_ _ante,_ 472 (63 S. E. 536).

We think the indictment in this case was good both in form and in substance. It charged that the accused committed an assault and battery on the person of the prosecutor, and that the assault and battery was contrary to the laws of the State, etc. Now, the word "assault" and the word "battery" have each not only a clear, popular significance, but are legally defined by the code. "An assault is an attempt to commit a violent injury on the person of another." Penal Code, § 95. "Battery is the unlawful beating of another." Penal Code, § 102. Therefore, when you charge a man with the offense of assault and battery, you necessarily and by legal intendment charge him both with the attempt to commit a violent injury on the person of another and with the unlawful beating of another; and when the indictment concludes in the form prescribed, certainly nothing can be clearer than that the acts charged constitute a violation of the law. Besides, every assault and battery is presumed to be unlawful; and when the proof shows an assault and battery, the law supplies the elements of the offense and casts upon the accused the burden of showing justification, just as in a case of murder, in which, when the State shows a homicide and nothing more, a prima facie case of murder is made out, and the defendant must mitigate or justify. This rule of evidence is logical and well settled.

For the foregoing reasons we are clear that the judgment overruling the motion in arrest should be _Affirmed._