1803.   LIVINGSTON v. THE STATE.

The statutory offense of pointing a weapon at another may be included in the offense of assault with intent to murder, where the assault is charged to have been committed by pointing and aiming a gun or pistol at another.   It is not necessary to negative explicitly the exceptions provided in a penal statute, by the operation of which a defendant may be justified or excused in the commission of an act otherwise unlawful, when the existence of the statutory exceptions is necessarily impliedly negatived by the language employed in making the charge.   Judgment may be pronounced upon a verdict finding one guilty of pointing a weapon at another although the pointing is not expressly charged to have been intentional, if the language used in the accusation is such as to raise no other implication than that the pointing and aiming was intentional.   .

Indictment for assault with intent to murder, from Appling superior court—Judge Parker.   March 5, 1909.

Submitted May 4,—Decided May 18, 1909.

*W. W. Bennett,* for plaintiff in error.

*J. H. Thomas, solicitor-general,* contra.

RUSSELL, J.   The plaintiff in error was indicted for assault with intent to murder, and was convicted of unlawfully pointing and aiming a pistol at another.   He moved in arrest of the judgment, upon the ground that the indictment does not contain suffi-

cient allegations, nor sufficiently specific allegations, to be the basis of the verdict of the jury; and especially that the indictment did not contain an allegation that the pistol was "intentionally" pointed at another not in any sham battle by the military, and not in self-defense, nor in defense of habitation, property, or person. The motion in arrest of judgment was overruled. The indictment charges Livingston with the offense of assault with intent to murder, "for that the said . . Livingston . . unlawfully, feloniously with malice aforethought and with a certain pistol, . . did make an assault, with the intent the said A. S. Cody to kill and murder; and the said . . Livingston, with said weapon, which he then and there held, did then and there unlawfully, feloniously, and with malice aforethought, point, aim at, and attempt to shoot and kill him, the said A. S. Cody, with the intent aforesaid, contrary to the laws of said State, the good order, peace and dignity thereof." The verdict was, "We, the jury, find the defendant guilty of a misdemeanor; pointing a pistol at another, not in his own defense."

That the offense of pointing a pistol at another may be so included within the offense of assault with intent to murder that one who is indicted for assault with intent to murder may be convicted of the lesser offense of pointing a pistol at another has been decided by the Supreme Court in *Jenkins* v. *State*, 92 *Ga.* 470 (17 S. E. 693), upon the authority of the prior rulings in *Arnold* v. *State*, 51 *Ga.* 144, and *Isom* v. *State*, 83 *Ga.* 378 (9 S. E. 1051). It is true that in the *Isom* case, supra, as pointed out in *Lanier* v. *State*, 5 *Ga. App.* 477 (63 S. E. 536), the verdict was for stabbing, upon an indictment charging assault with intent to murder, and to that extent the nature of the case differs from the one now before us. The principle, however, is the same. It is not necessary to negative explicitly the exceptions provided in a penal statute, by the operation of which a defendant may be justified or excused in the commission of an act otherwise unlawful, when the existence of the statutory exceptions is necessarily impliedly negatived by the language employed in making the charge. In the *Lanier* case we held that if it was admitted that the stabbing was done unlawfully and "contrary to the laws of said State, the good order, peace, and dignity thereof," these statements alone (if the explicit negativing of the exceptions was not insisted upon by demurrer) were

sufficient to show that the cutting was not done in self-defense, nor under any circumstances of justification provided by the code. In *Jenkins* v. *State,* supra, where the indictment was for assault with intent to murder by pointing, aiming, directing, shooting off, and discharging a loaded pistol at another, it was held that a verdict of guilty of shooting at another would be sufficient even without superadding the words "not in his own defense."

The learned counsel for the plaintiff in error insists, however, that the verdict is insufficient to authorize a judgment thereon for the reason that the indictment does not charge that the pistol was "intentionally" pointed. We agree with the counsel that the fact that the pointing is intentional constitutes the gravamen of the offense of pointing a pistol or gun at another, and that it is essential that it should be charged and proved that the pointing alleged was intentional. Section 343 of the Penal Code declares that "any person who shall intentionally point or aim a gun or pistol, whether loaded or unloaded, at another, not in a sham battle by the military, and not in self-defense, or in defense of habitation, property or person, or other instances standing upon like footing of reason and justice, shall be guilty of a misdemeanor." The ruling in the *Jenkins* case, supra, is as to the exceptions provided in the statute. And the rulings in *Isom* v. *State,* supra, and *Lanier* v. *State,* supra, control as far as the point made upon the omission from the indictment of the word "intentionally" is concerned. It being alleged in the indictment that the pistol was unlawfully, feloniously, and with malice aforethought pointed at Cody, in an attempt to kill him, the only necessary implication which can be raised is that the pointing was intentional. The pointing could not have been an unintentional pointing, if it were either unlawful or felonious; and if done with malice aforethought, as the indictment charges, the pointing was obliged to have been found by the jury to have been done, not only intentionally, but perhaps with deliberate intention.                    *Judgment affirmed.*