### 2152. LIVINGSTON *v.* THE STATE.

1. When the offense of assault with intent to murder is charged in an indictment alleging that the assault was committed through the pointing of a pistol, and at the trial State's counsel announces that he will ask for a conviction of only the misdemeanor of pointing a pistol at another, there is no error in not charging the jury on the subject of assault with intent to murder.

2. To aim a weapon at another is to point it intentionally.

Indictment for assault with intent to murder, from Appling superior court—Judge Parker. August 21, 1909.

Argued October 6,—Decided October 13, 1909.

*W. W. Bennett,* for plaintiff in error.

*J. H. Thomas,* solicitor-general, contra.

POWELL, J. The indictment charged the crime of assault with intent to murder, and alleged that the assault was committed through the pointing of a pistol at the prosecutor. At the trial

the State's counsel abandoned the felony charge, and asked for a conviction of only the misdemeanor of pointing a pistol at another. The judge gave no instructions on the subject of assault with intent to·murder, and confined the investigation of the jury to the minor offense. The defendant was found guilty of the misdemeanor. Motion in arrest of judgment was overruled, and this ruling was affirmed. See *Livingston* v. *State,* ante, 208 (64 S. E. 709). A motion for a new trial was also made; it was overruled, and the defendant brings error upon that judgment.

1. It is complained that, notwithstanding that the solicitor-general abandoned the felony charge and asked for a conviction of the minor offense only, the judge should have submitted to the jury instructions upon the law of assault with intent to murder. No error, of course.

2. The other exception is that the court charged the jury as follows: "If you find on this occasion that the defendant pointed and aimed the pistol at the party named in this indictment, and that he did that not in self-defense or under other circumstances of justification, then I charge you that the defendant would be guilty, and you should so find." The specific objection is that the instruction omits the words "intentionally" before the word "pointed." Section 343 of the Penal Code of 1895 provides: "Any person who shall intentionally point or aim a gun or pistol, whether loaded or unloaded, at another, not in a sham battle by the military, and not in self-defense or in defense of habitation, property or person, or other instances standing upon like footing of reason and justice, shall be guilty of a misdemeanor." The intention to point the weapon is an essential element of the offense. *Herrington* v. *State,* 121 *Ga.* 141 (48 S. E. 908) ; *Livingston* v. *State,* supra. The judge, in the charge excepted to, used the expression, "pointed and aimed." The word "aim" is more specific than the word "point." Intention is one of the connotations of the word "aim," but not of the word "point." To aim is to point intentionally, with a deliberate purpose. Crabbe, in his "English Synonyms," distinguishes the words "aim," "point," and "level," thus: "Aim expresses more than the other two words, inasmuch as it denotes a direction towards some minute point in an object, and the others imply direction

towards the whole objects themselves. We aim at a bird; we point a cannon against a wall; we level a cannon at a wall. Pointing is of course used with most propriety in reference to instruments that have points; it is likewise a less decisive action than either aiming or levelling. A stick or a finger may be pointed at a person, merely out of derision; but a blow is levelled or aimed with an express intent of committing an act of violence." The standard dictionaries, in their definitions of the word "aim," show that purpose or intention is an element in its meaning. The Supreme Court of Indiana apparently held the contrary view in the case of Eaton v. State, 162 Ind. 554 (70 N. E. 814), but that case rests upon its particular facts; and the reasoning of it, so far as it tends to militate against the proposition here ruled, is not valid. Further: immediately following the charge excepted to, the court directed the attention of the jury to the language of the statute itself, and concluded the charge with the statement that "if the State has failed to prove that the defendant pointed it, or pointed it intentionally, or has failed to show that he pointed it under circumstances not of justification, then you should acquit the defendant." This clearly shows that the judge used the word "aim" as equivalent in meaning to the phrase "intentionally point." Thus considered, the exception is, upon the authority of *Winkles* v. *State,* 114 *Ga.* 449 (40 S. E. 259), not well taken.

*Judgment affirmed.*