### 6257.  PARSONS *v.* THE STATE.

WADE, J.   1. To warrant a conviction under section 349 of the Penal Code of 1910, of pointing a weapon at another, it must be charged that the gun or pistol was intentionally pointed or aimed at another (*Herrington* v. *State*, 121 *Ga.* 141, 48 S. E. 908), or the language used in the accusation or indictment must be such as to raise no other implication than that the pointing and aiming was intentional (*Livingston* v. *State*, 6 *Ga. App.* 208 (64 S. E. 709); and this intent must appear also from the proof (*Woodruff* v. *Woodruff*, 22 *Ga.* 237), though it is not essential for the State to show that the pointing of the weapon was done with an intention to shoot (*Winkles* v. *State*, 114 *Ga.* 449, 40 S. E. 259), and the motive actuating the person who intentionally points the weapon is wholly immaterial (*Gossett* v. *State*, 6 *Ga. App.* 439, 65 S. E. 162). The purpose of the statute is to protect life and limb from the intentional and reckless pointing of guns and pistols at another (*Irvin* v. *State*, 9 *Ga. App.* 865, 72 S. E. 440), but an accidental or unintentional pointing is not penalized by this section.

2. Generally intention may be manifested "by the circumstances connected with the perpetration of the offense, and the sound mind and discretion of the person accused" (Penal Code, § 32); and where a gun or pistol is pointed at another, the jury may infer intention from the circumstances surrounding the pointing. Where the evidence disclosed that the accused in fact pointed a gun at and towards another, with whom he was angry at the time, the jury were authorized to infer that he intended to do what he in fact did (*Vann* v. *State*, 83 *Ga.* 44 (9 S. E. 945); *Freeman* v. *State*, 70 *Ga.* 736; *Marshall* v. *State*, 59 *Ga.* 154; *Foster* v. *Leeper*, 29 *Ga.* 294), especially where it appeared that the accused did not in his statement set up the defense that the weapon was unintentionally pointed, but denied altogether that he pointed it at all. *Winkles* v. *State*, supra. "The question of intent with which an act was done is one for the jury, and when they have said that such intent was criminal, with some evidence to support their verdict, this court will not interfere." *Russell* v. *State*, 68 *Ga.* 785 (2).

3. Regardless of whether or not it is necessary for the State, in order to establish the guilt of one charged with pointing a weapon at another, to affirmatively show that the weapon intentionally aimed or pointed was not so pointed "in a sham battle by the military, and not in self-defense, or in defense of habitation, property, or person, or other instances standing upon like footing of reason and justice," as alleged in the accusation, it is enough to say that there was sufficient evidence to authorize the inference, drawn by the jury, that the accused was neither excused nor justified in pointing the weapon because of or under any of these exceptions named in the statute, and to exclude any idea of excuse or justification; and this is true notwithstanding that the witnesses did not in so many words deny that the gun pointed by the accused was pointed in a sham battle, or in self-defense, etc.

4. The evidence authorized the verdict returned, and there is no merit in the various assignments of error.  *Judgment affirmed.*

DECIDED APRIL 20, 1915.

Accusation of pointing gun at another; from city court of Tifton —Judge R. Eve. December 14, 1914.

*B. C. Williford, R. D. Smith, Hendricks & Hendricks,* for plaintiff in error.

*J. H. Price, solicitor,* contra.