### 13282.   EDWARDS *v.* THE STATE.

DECIDED APRIL 11, 1922.
</div>

BROYLES, C. J.   1. Unless the language in an accusation or indictment, drawn under section 349 of the Penal Code (1910), raises no other implication than that the pointing of the pistol was intentional, an allegation therein that the accused pointed a pistol at another, without charging that it was *intentionally* pointed is fatally defective, and, after conviction and sentence, a motion to arrest the judgment should be sustained. *Herrington* v. *State,* 121 *Ga.* 141 (48 S. E. 908); *Livingston* v. *State,* 6 *Ga. App.* 208 (64 S. E. 709). However, where the accusation or indictment charges that the accused did point and *aim* a pistol at another, not in self-defense, and contrary to the laws of the State, the accusation or indictment is not fatally defective, as "to aim a weapon at another is to point it intentionally." *Livingston* v. *State,* 6 *Ga. App.* 805 (2) (65 S. E. 812).

2. Under the above ruling the accusation in the instant case was not fatally defective, and the court did not err in overruling the motion in arrest of judgment.

3. In view of the entire charge of the court and the facts of the case,

neither of the excerpts from the charge which are complained of in the motion for a new trial shows reversible error.

4. The evidence authorized the verdict and the court did not err in over-ruling the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 11, 1922.

Accusation of pointing pistol; from city court of Jefferson — Judge Bryson. January 13, 1922.

*Cooley & Beall,* for plaintiff in error.

*S. J. Nix, solicitor,* contra.