## 25889. GORDON v. THE STATE.

338

*M. Price,* for plaintiff in error.

*J. P. Dukes, solicitor-general,* contra.

GUERRY, J. S. F. Gordon was convicted of hog-stealing. In his motion for new trial he complained that one of the jurors who tried the case was related within the prohibited degree to the prosecutor, and that this fact was unknown to him or his counsel before the verdict. At the hearing on this motion the State did not controvert this fact, but contended that the evidence demanded the verdict, and therefore that the relationship of the juror to the prosecutor did not require the grant of a new trial. The judge in overruling the motion for new trial passed the following order: "This court has made a careful study of the brief of evidence in this case; and after so doing we are constrained to hold, in accordance with the law as laid down in the case of *Kennedy* v. *State,* 51 *Ga. App.* 543 (181 S. E. 189), that the granting of a new trial in this case on this ground [relationship of juror to prosecutor] is unauthorized. I recognize that the defendant contended that he took the hog in question, in good faith, thinking that it belonged to his wife; but in view of the uncontradicted evidence that it was of a breed of hogs wholly unknown and different from other hogs in that section, and that it was marked in another man's mark and regularly stayed with its mother, it appears that the jury were authorized to disregard his claim of good faith. The motion for new trial is denied on each and every ground of original motion and the amendment thereto." It can not be doubted that the evidence on behalf of the State made out a clear case of larceny against the defendant, and that the "jury were authorized to disregard his claim of good faith," as stated by the judge in his order. However, in every case of larceny, there must be a taking of property *with the intent to steal the same.* Code, § 26-2602. The defendant made a statement to the jury in which he said that he found the pig alleged to have been stolen, in the woods, following a sow belonging to his wife, with whom he was not then living, and carried it to his afflicted child, with no intention of steal-

ing the pig. "I carried it because I thought it was my wife's pig; it was with her sow. The pig was carried there and put down in the yard, open to any one that wanted to see it; it could go out in the woods when it wanted to, or in the field, or anywhere. Anybody could see the pig passing the road at any time." There was quite a bit of evidence discounting the defendant's good faith in taking the hog, which the jury were authorized to, and did, believe. However, for this court to rule that the evidence demanded a finding that defendant took it with intent to steal, would be going beyond the bounds of established law in this State, that such questions are ordinarily for the jury. Nothing ruled here is in conflict with the decision in *Kennedy* v. *State,* supra, upon which the judge predicated his ruling denying the motion for new trial. In that case the evidence and the defendant's statement showed that the defendant made an unprovoked and unjustifiable assault and battery upon the prosecutor. In the present case the defendant's statement, which the jury were authorized to accept, contrary to all the sworn testimony, unless it was inherently false, did not demand a verdict of guilt. We are therefore of the opinion that the judge erred in overruling the motion for new trial.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*