### CRUMBLEY vs. THE STATE OF GEORGIA.

1. Where the verdict is for a minor offense included in the offense charged, (as for an assault, when the offense charged was shooting at another,) errors which relate exclusively to the higher offense, and which could not have prejudiced the prisoner in respect to the minor offense, are immaterial on a motion for a new trial.

2. To shoot at another with a gun at the distance of twenty steps, is an assault, even if the gun be loaded with powder only.

3. An engineer, while running a train upon a railroad, was shot at by the prisoner, who was standing on the side of the road, about twenty steps from the engineer. The latter dodged when the gun fired, and was not hit. No shot struck the cab or the engine, and it did not appear with certainty whether the gun contained anything but powder or not. The jury found the prisoner guilty of an assault. The verdict was warranted by the evidence, and was not contrary to law.

Criminal law. New trial. Shooting at another. Before Judge BARTLETT. Wilkinson Superior Court. April Term, 1878.

Crumbley was placed on trial for the offense of shooting at another. He pleaded not guilty. The evidence disclosed that on the evening of December 25th, 1877, as the passenger train on the Central Railroad was approaching station No. 16, the defendant was standing, with three companions, about twenty steps from the track, having with him his shotgun; that when the train came within hearing, the defendant fired off his gun, commenced reloading, and as the train passed where he was standing, he fired at the engineer, who simultaneously dodged; that no shot were heard, nor were there any signs where they had struck the engine.

In defendant's statement he asserted that he re-loaded with powder only, and fired in order "to have a little fun out of the engineer." No witness testified that defendant placed shot in his gun; none saw any.

The jury found the defendant guilty of an assault, and recommended him to the mercy of the court.

He moved for a new trial upon the following grounds, to-wit:

1. Because the court erred in refusing to charge as fol-

lows: "That it is a material matter whether the gun was loaded or not, and how loaded, under an indictment for shooting at another. To shoot at implies an aim and intent to hit, and therefore the nature of the load is important in judging of this intent.

"That if the jury believe from the evidence that the gun used by the defendant was charged with powder only, and was not near enough to the person shot at, at the time of the shooting, for the powder in the charge to have done him a violent injury, if it had hit him, and that the defendant did not intend to commit a violent injury upon the person shot at, then, under the law, the defendant would not be guilty of an assault, and the jury should so find."

2. Because the court erred in charging as follows: "Whether the gun was loaded with shot or not, is not an issuable fact in this case. The burden of proof is on the defendant to show that the gun was not loaded with shot.

"But if the jury should find that the defendant is not guilty of the offense of shooting at another, then inquire if he is guilty of any other offense of a lower grade for which he may be convicted under this indictment. Is he guilty of an assault? An assault is defined to be an attempt to commit a violent injury upon the person of another. The firing of a gun loaded with powder is, under the law, an assault. So, if the jury believe from the evidence that the defendant fired a gun charged with gun-powder at the prosecutor, then, under the law, it is an assault, and the jury may so find by their verdict."

3. Because the verdict is contrary to law and evidence.

The motion was overruled, and the defendant excepted.

BOWER & BOWER; J. W. LINDSEY, for plaintiff in error, cited 28 *Ga.*, 395; 44 *Ib.*, 638; 11 *Ib.*, 286; 15 *Ib.*, 277; 17 *Ib.*, 498; 24 *Ib.*, 505; 30 *Ib.*, 361; 38 *Ib.*, 252; Code, §§3715, 4357.

J. W. PRESTON, solicitor-general, by C. J. HARRIS, for the state.

BLECKLEY, Justice.

1. As the prisoner was found guilty of an assault, and not of the offense of shooting at another, we need not, and will not, examine the points made, further than to see that there was no error in so far as the element of assault was concerned. The higher offense was ignored by the finding, and that put it out of view in ruling upon the motion for a new trial, there being no certain evidence that the gun was dangerously loaded.

2, 3. There is no dispute that the gun was loaded with powder, and that the prisoner fired at the engineer, at the distance of about twenty steps. Grant that it was done only "to have a little fun out of the engineer," in the merry season of Christmas, it was an assault. The engineer was not one of the revellers, but was engaged in the earnest and responsible vocation of running a locomotive and train upon a railroad. He had a right to pass on his way without being shot at from the roadside. It is not pretended that he knew with what the gun was charged, or for what purpose it was presented at him and fired. Those who shoot at their friends for amusement ought to warn them first that it is mere sport, and that there is no danger. Fun is rather too energetic, even for Christmas times, when it looks like a disposition to indulge in a little free and easy homicide. Shooting powder-guns at a man as a practical joke is among the forbidden sports.

Judgment affirmed.