## SEYDEN *vs.* THE STATE OF GEORGIA.

|  |  |
|---|---|
| 78 | 105 |
| 88 | 51 |
| 78 | 105 |
| 105 | 491 |
| 105 | 712 |

1. The verdict was demanded by the evidence.
(a) Where the accused admitted that he opened his tippling house on Sunday and furnished the bottle of liquor for which he received thirty-five cents, it was no justification of this act to state that two parties approached him, one of whom stated that he was cold and his companion had a chill, and that defendant believed such was the fact and furnished the spokesman with the liquor.
2. There was no error in refusing to charge as follows: "If the tippling-house was opened for any cause or purpose which the law would justify or excuse, and if any of those facts be shown, the defendant would be entitled to be acquitted."
(a) Nor in refusing to charge as follows: "If the defendant opened the tippling-house in order to give whiskey to a man who he believed was sick, and if, in good faith, it was opened for no other cause or purpose, he would be entitled to be acquitted."
(b) Nor in refusing to charge that the jury had the right to determine whether the facts showed that he was justified in opening his tippling-house on Sunday.
(c) If a fire should break out on the premises, or in the vicinity, the proprietor would be justified in opening the house to remove his

goods to a place of safety, or if one on the spot or in the vicinity, should be stricken down with sudden illness, requiring prompt treatment, and the house should be opened for the purpose of furnishirg liquor as a remedy, and the liquor should be supplied in suitable quantities, then the act of opening the house on Sunday would be excused. But no such emergency appeared in this case.

3. The omission to charge as to the force and effect to be given to the defendant's statement did not hurt him, and will not require a reversal, it not appearing that the attention of the court was called thereto, or that any request for him to charge thereon was made.

4. Where, in a criminal case, the defendant introduced no evidence, but made a statement, he was entitled to conclude the argument in the case; and this is an important right, and its denial will generally cause a reversal of the decision of the lower court. But where the evidence demanded a verdict of guilty, an erroneous ruling will not require a reversal, except where the presiding judge has expressed or intimated an opinion on the facts of the case.

November 9, 1886.

Criminal Law.  Charge of Court.  Practice in Superior Court.  Verdict.  Before Judge ADAMS.  Chatham Superior Court.  December Term, 1885.

In addition to the report contained in the decision, it is necessary to add only that the following were among the grounds of the motion for a new trial:

(1)–(2) Because the verdict is contrary to law and evidence.

(3)  Because the court declined to give in charge the law governing the right of a prisoner to make a statement and the force and effect to be given such statement. [The court stated in a note that he did not charge as to the effect of the prisoner's statement, but was not requested so to do.]

(4) Because the court ruled that a certain bill, purporting to have been a claim by the prosecutor against the defendant, and read by the prisoner in his statement and as part of it for the purpose of showing the *animus* of the prosecutor and the object of the prosecution was evidence;

that the defendant could not read it as part of his statement; and that his doing so was the introduction of evidence, which took away his right to conclude the argument. And because the court refused to allow defendant's counsel to withdraw the bill, he stating that he had been misled by previous rulings on the subject.

The motion was overruled, and the defendant excepted.

GARRARD & MELDRIM, for plaintiff in error.

F. G. DUBIGNON, solicitor-general, for the State.

HALL, Justice.

The defendant was convicted for keeping open a tippling-house on the Sabbath day, and moved for a new trial on various grounds.

1. The verdict, so far from being unauthorized by the evidence and contrary to law, was imperatively demanded by both. The proof is clear that the house was open on several Sundays within two years before the bill of indictment was found. On one of these occasions, the defendant admitted in his statement that he opened it and furnished the witness, Smoke, with a bottle of liquor, for which he received from him thirty-five cents. He sought to excuse himself for doing so because Smoke alleged that he was cold, and one Davy, his companion, had a chill, and defendant stated that he believed such was the fact. This, he insists, would justify him in opening the house on that day in order to furnish liquor for a man supposed to be sick, and whom he believed to be sick, though the man was going about. He did not furnish it, however, to this, but to another man; and the quantity shows this was a mere pretence and device to excuse his violation of the law.

2. The court properly refused to charge his written requests in the words following:

(a) "If the tippling-house was open for any cause or purpose which the law would justify or excuse, and if any

of those facts be shown, the defendant would be entitled to be acquitted."

(*b*) "If the defendant opened the tippling-house in order to give whiskey to a man who he believed was sick, and if, in good faith, it was opened for no other cause or purpose, he would be entitled to be acquitted;" and

(*c*) "You have the right to determine whether the facts show that he was justified in opening his tippling-house on Sunday."

It is true that the justice who pronounced the decision of the court in *Sanders'* case, 74 *Ga.*, did, in a general way, say that if a tippling-house was opened on Sunday for any cause or purpose which the law would justify or excuse, the defendant would be entitled to an acquittal, but no cause or purpose was specified which would amount to a sufficient excuse or justification for such an act. If fire should break out on the premises or in the vicinity, the proprietor would be justified in opening the house to remove his goods to a place of safety; or if one on the spot or in the vicinity should be stricken down with unmistakable, dangerous and sudden illness, requiring prompt treatment, and the house should be opened for the purpose of furnishing liquor as a remedy, and the liquor should be supplied in suitable quantities, then the act of opening the house on Sunday would be excused. Such emergencies, however, do not frequently arise, and when they occur, no one would think of prosecuting for a violation of the law; and if such a prosecution should be instituted, no court would tolerate it. There was, however, nothing approaching such a case in this instance. It is scarcely doubtful if the alleged sickness was not feigned for the express purpose of affording a pretext to the proprietor of the dram-shop for opening his doors and prosecuting his business in violation of the plain provisions of the law, and it is certain that the liquor was not furnished to the man thought by the keeper to be sick, but to his companion, who was cold but healthy, and in a quantity much larger than was

required as a dose of medicine.    The principle invoked by this request was inapplicable to the facts in proof, and the court properly declined to charge it.

3. The omission to charge as to the force and effect to be given to the defendant's statement as evidence did not hurt him, and we doubt not, if the court's attention had been called to the omission, he would promptly have given in charge the law applicable to the point. No charge was requested upon the subject, and if desired, it should have been asked.    We are not to assume, contrary to what the record discloses, that the defendant considered it important, or that he was at all anxious to have laid prominently before the jury the facts embodied in his statement.    We are inclined to think that the course pursued, and of which he now complains, was rather cause for congratulation than otherwise.

4. It is true that the making of a statement by the defendant, where he introduces no other evidence, entitles him to conclude the argument in the case, and that this is an important right, and its denial will generally cause a reversal of the decision of the lower court.    *Chapman, next friend, vs. Atlanta and West Point Railroad,* 74 *Ga.* 547; *Phelps vs. Thurman, Id.* 837.    We hold that the presumption arising from the denial of the right is that the party thus deprived of it has been injured.    These several rulings are now approved as perfectly correct, both as general propositions as applicable to the facts of the cases in which they were made; but the presumption in the one case, and the effect declared in the other, are not of such universal application as to admit neither of exception nor of qualification, when compared with other rules regulating the grant of a new trial, or when there are facts in the case absolutely inconsistent with the presumption arising ordinarily from withholding the conclusion.    The presumption is not of such a conclusive nature and tendency as to work an estoppel; it is, at most, a disputable presumption, which may be overcome by proof, and here

it was overthrown by the most convincing and irrefragable proof, viz. the admission of the defendant that he did open his tippling-house on Sunday and furnish, for a consideration of money then paid, a bottle of liquor, upon an occasion for an alleged cause which we have shown would neither justify nor excuse the act. We are of opinion that the verdict was demanded by the evidence, and that another hearing, if the law be regarded, would result in the same way; and where this is the case, as has been frequently held, the new trial will be refused, except where the judge, during the progress of the trial, has expressed or intimated his opinion as to what has or has not been proved, or as to the guilt of the accused; if the court in which the opinion was intimated does not grant a new trial, then this court is imperatively required to hold it error and reverse the decision with such direction as it may lawfully give. Code, §3248

Judgment affirmed.