## CLARK v. THE STATE OF GEORGIA.

To shoot at another without legal excuse, with a pistol loaded with powder only, within the distance to which the pistol will carry when so shot, will constitute the offence of shooting at another. But as to what is such distance, is matter of fact for determination by the jury, and not a question of law to be decided by the court. March 10, 1890.

Criminal law. Shooting at another. Practice. Before Judge BOWER. Mitchell superior court. May term, 1889.

Indictment for assault with intent to murder; verdict, guilty of shooting at another. The defendant's motion for a new trial was overruled, and he excepted.

J. W. WALTERS, for plaintiff in error.

W. N. SPENCE, solicitor-general, for the State.

BLECKLEY, Chief Justice.

We are not prepared to hold that the court committed any error in the progress of the trial, except in

v 84-37.

charging the jury as set forth in the eighth ground of the motion for a new trial. In that part of the charge, the court assumed as matter of law, that to discharge a gun loaded with powder only at a person not more than fifteen steps distant would constitute the statutory offence of shooting at another. We think, on the contrary, that the law fixes no distance as the minimum or maximum in such cases. The offence would be committed by shooting at another with any sort of load, at any distance within which the pistol would be likely to carry such load and inflict any degree of injury therewith. But the question of distance is one of fact for the jury in each case. There was no purpose in *Crumbley* v. *State*, 61 *Ga.* 582, to treat it otherwise, the essential matter in that case, under the finding of the jury, being only as to a mere assault; and that the facts proved constituted an assault there could be no doubt. 1 Wharton's Crim. Law, §606. In the present case we think that the jury might have found that the gun was loaded with something besides powder. For while it is necessary, in order to convict of an assault with intent to murder by shooting, to establish that the weapon was charged with something dangerous to life, the fact that it was so charged may be shown by circumstances and need not be proved by direct evidence. Russell on Crimes, vol. 1, p. 976. But the jury may have thought that the pistol was loaded with powder only, and if they had that opinion, they should have been left free by the court to determine for themselves as matter of fact whether the distance between the parties was such as to manifest an intent on the part of the accused to shoot *at* another, that intent involving a purpose to hit as well as to shoot. *Allen* v. *State*, 28 *Ga.* 395. We think the true law of powder guns is this, that if they be discharged without legal excuse at another who is within the distance to which they will carry their load or any

part of it, the offence is committed ; but what that distance is, is a question of fact for the jury. And if it be a question of fact, there can be no doubt that the court has no power to decide it. *Grant* v. *State*, 45 *Ga*. 477.

The court erred in not granting a new trial.

*Judgment reversed.*