## WALL *v*. THE STATE. .

1. A motion for a continuance on the ground of the absence of counsel because of illness must affirmatively disclose that the absent counsel (where there are more than one) is the leading counsel and that he is sick, that the motion· is not made for delay only, and that the movant expects to secure the services of the counsel at the next term.
2. It was not erroneous to refuse to continue a case on account of the absence of witnesses, when the evidence showed that the witnesses were beyond the jurisdiction of the court and did ,not show any promise on their part to attend the court.
3. The act approved August 15, 1903 (Acts 1903, p. 83), which declares a juror who ̇has served at any session of court ineligible for duty as a juror at the next succeeding term, does ̇not disqualify jurors of a pre-vious regular term of the superior court from serving as jurors at a special term convened in pursuance of the Penal Code, §796.
4. The evidence admitted tended to show motive, and a motion to exclude the same was properly denied.
5. The charge of the court was not erroneous for the reasons assigned, and covered the substantial issues of the case.    The request to charge, be-ing inaccurate in some respects, was properly declined.

Submitted July 16,—Decided July 27, 1906.

Indictment for assault with intent to murder.    Before Judge Kimsey.    Rabun superior court.    May 16, 1906.

*W. S. Paris* and *R. E. A. Hamby,* for plaintiff in error.

*W. A. Charters, solicitor-general* contra.

Evans, J. An indictment charging Chub Wall with the ̇offense of assault with intent to murder was returned against him, and he was convicted of the offense of shooting at another.    He complains that the trial court erred in overruling his motion for a new trial.

1, 2. A continuance of the case was asked because of the absence of leading counsel, who was too ill to be present at the trial, and because of the absence of three witnesses who had not been sub-pœnaed and who were at the time of the trial in another State, beyond the jurisdiction of the court.    When the motion was sub-mitted to and passed on by the presiding judge, the only evidence

of the sickness of the absent counsel was the testimony of associate counsel that he had a note from the absent counsel that he was ill. After the motion had been overruled and the trial had begun, the court received an affidavit of a physician that the absent counsel was "lying on the bed complaining of aching all over, soreness in the chest, seems to be a little hoarse and had a catarrah affective of the throat." The court certifies that absent counsel was at the county seat on the evening before the trial, apparently well, though on the day succeeding the trial he was at the county seat "complaining somewhat." The court further certifies that he did not regard the illness of absent counsel as at all serious, and from the evidence submitted did not think he was the leading counsel. The attorney who appeared in court for the defendant was employed to represent him before the committal court. The accused did not appear at the committal court nor at the term of the superior court at which the indictment was found. The absent attorney wrote the trial judge, a few days before the trial, that he was not employed by the defendant. Under the evidence submitted to support the motion, and the certificate of the judge, we think there was no abuse of discretion in refusing a continuance on this ground. Besides, the motion did not meet the statutory requirement, in that the movant did not make it appear that he could not go safely to trial without such absent counsel, that counsel was expected to be present at the next term to render service in the case, and that the application was not made for delay only. Penal Code, § 964; *Smith* v. *Printup*, 59 *Ga.* 610; *Whitley* v. *Clegg*, 120 *Ga.* 1040.

The ground of the motion based on the absence of witnesses was entirely without merit. There had never been any effort to serve a subpœna on these witnesses before they left the State; they did not promise to attend the trial, and were beyond the jurisdiction of the court. *Owens* v. *State*, 110 *Ga.* 292.

3. When the panel of forty-eight jurors was put upon the accused, he challenged the array upon the ground that the first fifteen names appearing on the list had served as traverse jurors at the regular February term, 1906, of Rabun superior court, and that the remainder of the panel had either been drawn from the jury box or had been summoned by the sheriff as talesmen at the instant special term of the court. (This term was held in April, 1906.) The impaneling of the jury in this way was claimed to be illegal,

because the special term was the first term succeeding the regular February term, 1906, and the jurors who had served at that term were incompetent to serve at the present special term; and as they were the only jurors summoned, there was "no nucleus or foundation for drawing the talesmen." The court refused to sustain this challenge to the array. The Penal Code, § 796, empowers a judge of the superior court to hold special terms of court, at discretion, and "to compel the attendance of grand or petit jurors, either of a previous term, or to draw new jurors for the same, according to the laws now in force." By the act approved August 15, 1903 (Acts. of 1903, p. 83), any juror who has served at any session of the superior court shall be ineligible for duty as a juror at the next succeeding term of that court in which he has previously served. Manifestly this act relates to regular terms, and does not apply to either adjourned or special terms of court held intervening the regular terms. An adjourned term is but a continuance of a regular term, and the act by its terms would not apply to jury service at such adjourned term. A special term of court partakes more of the characteristics of an adjourned term than of a regular term. Indeed, the chief distinction between an adjourned and a special term is the relation to the prior regular term. The "succeeding term" referred in the act of 1903 is the term which follows in the ordinary and usual course of the administration of the law, and is one of the stated, periodic terms of the court. That act has no application to a special term sporadically convened at the discretion of the judge to meet the exigencies of the business of the court. The jurors were not illegally impanelled, and the challenge to the array was not well taken.

4. Error is alleged in the refusal of the court to rule out the following testimony of the person assaulted: "He commenced talking about that school he went down and broke up." The objection to the testimony was that it was irrelevant. The evidence was admissible to show the cause of quarrel and the motive which actuated the defendant in making the assault.

5. The charge of the court was not erroneous for any reason assigned. The appropriate law was given in charge upon every substantial issue. The request to charge was inaccurate in some respects, and was properly refused.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*