### 7276. BERNOLAK *v.* THE STATE.

BROYLES, J.  1. Where one holds personal property under a conditional sale, and where by the terms of the purchase the title is retained by the vendor until payment of the purchase-price, and where the holder, without the consent or approval of the vendor, encumbers the property, to the injury of the vendor, the crime is complete, and the holder has violated section 722 of the Penal Code. In such a case the written contract of conditional sale is competent evidence and should be admitted. A second written contract entered into between the same parties after the completion of the crime, which the defendant contended amounted to a rescission of the first contract and a ratification of the act of the defendant in encumbering the property, was immaterial and irrelevant to the issues of the case, and was properly excluded.

2. The defendant was charged with, and convicted of, encumbering personal property held under conditional sale. The undisputed evidence showed that he purchased from the prosecutor a diamond ring for $175, upon which he paid $62.52, the vendor retaining title thereto until payment of the balance of the purchase-price; that the defendant, without the consent or knowledge of the vendor, pawned the ring, or had it pawned; and that the vendor paid $79 to recover the ring from the pawnshop. Although some illegal and immaterial evidence was admitted, the legal evidence in the case demanded the verdict; and, no legal and material evidence offered by the defense having been excluded, it is immaterial whether there were errors upon the trial.

3. The judge of the superior court did not err in overruling the certiorari.
            *Judgment affirmed. Russell, C. J., absent.*
            DECIDED APRIL 17, 1916. REHEARING DENIED JUNE 21, 1916.

Certiorari; from Fulton superior court—Judge Pendleton. November 30, 1915.

*Albert Kemper,* for plaintiff in error.

*Hugh M. Dorsey, solicitor-general, E. A. Stephens, J. W. LeCraw,* contra.