## 24597. KENNEDY *v.* THE STATE.

**Decided July 20, 1935.**

*R. L. Dawson, B. D. Dubberly,* for plaintiff in error.
*J. P. Dukes, solicitor-general,* contra.

Guerry, J. The defendant was charged with assault with intent to murder. He was convicted of the offense of assault and battery. The evidence for the State made out a case of unprovoked assault and battery at least. The defendant in his statement at the trial admitted that he beat the prosecutor with a whip or stick. His statement further showed his animus towards the prosecutor; and the only attempt at justification was that the prosecutor "jerked out his knife;" but nowhere does it appear, either from the statement or the evidence, that any attempt was made by the prosecutor to use it. As was said in *Seyden* v. *State,* 78 *Ga.* 105: "We are of opinion that the verdict was demanded by the evidence, and that another hearing, if the law be regarded, would result in the same way; and where this is the case, as has been frequently held, the new trial will be refused." Also in *Williams* v. *State,* 15 *Ga. App.* 311 (82 S. E. 817), it was said: "Where in a criminal case not

only the evidence but the defendant's statement demanded the verdict rendered, a new trial will not be granted, even though the judge may have committed errors in his charge to the jury, in rulings on evidence, and in refusing to order a mistrial on account of improper argument of counsel. If the jury reached the only result which was legally possible in the case, the judgment of the trial judge will not be reversed merely for the purpose of allowing the case to be heard again, in order that the same result may be more technically reached." See also *Usry* v. *State,* 17 *Ga. App.* 268 (86 S. E. 417) ; *Tyre* v. *State,* 35 *Ga. App.* 579 (134 S. E. 178) ; *Bernolak* v. *State,* 18 *Ga. App.* 7 (89 S. E. 302) ; *Haupt* v. *State,* 108 *Ga.* 60 (2) (33 S. E. 829). The court did not err in refusing a new trial.

*Judgment affirmed. Broyles, C. J., concurs. MacIntyre, J., dissents.*

Broyles, C. J., concurring. The evidence in this case demanded the verdict finding the defendant guilty of assault and battery. Therefore the fact that one of the jurors who tried the case was related to the prosecutor within the prohibited degrees does not require a new trial. *Frazier* v. *Swain,* 147 *Ga.* 654 (3) (95 S. E. 211) ; *Tyre* v. *State,* 35 *Ga. App.* 579 (supra).

MacIntyre, J., dissenting. I do not think that the evidence and the defendant's statement demanded a verdict of guilty. One of the witnesses for the defendant testified in part as follows: "When we got there Mr. Purcell [prosecutor] was checking the logs. When we drove up Sank [defendant] walked to the truck and asked Mr. Purcell what right he had to be checking the logs and Mr. Purcell asked him what damn business it was of his and reached for his knife and Sank [defendant] picked up a stick like a scrub some teamster had thrown down and hit him a few licks to try to keep him from opening his knife. . . Sank [defendant] did not make any effort to strike Mr. Purcell [prosecutor] until he reached for his knife." The defendant's statement in part was as follows: "I [the defendant] got out first and walked up to him, not mad with him, I wouldn't beat on an old man, but he [the prosecutor] jerked his knife out and when I walked up I asked him what business he had checking those logs and he said none of your damn business and jerked out his knife and I reached down and picked up a little whip, looked like one a teamster had thrown down there, and I was a little mad and I guess tapped him a little harder

than I ought to, sorry of it but he had messed with our stuff so long and jerked out his knife to cut me over my old grey headed mother and I couldn't stand it."

One of the jurors who returned a verdict of guilty was a legitimate grandson of the paternal common ancestor and the prosecutor was an illegitimate son of the paternal common ancestor. The juror was disqualified for the reason that he was related to the prosecutor within the prohibited degree. *Currie* v. *State,* 156 *Ga.* 85 (118 S. E. 724). I therefore think that because of the fact that one of the jurors who tried the case was related to the prosecutor within the prohibited degree, a new trial should be granted.