25673. HART *et al. v.* THE STATE.

86

Decided December 5, 1936. Rehearing denied December 17, 1936.

J. M. Murphy, D. C. Jones, Deal & Renfroe, for plaintiff in error.
W. G. Neville, solicitor-general, H. B. Strange, contra.

Per Curiam. Two police officers of the City of Statesboro saw the prosecutor in an automobile in the city at night. They claimed he was drunk. He denied this. No arrest was made. Later a citizen reported to these officers that the prosecutor had recklessly run into his car. The officers got into the car with the citizen and found the prosecutor outside of the city limits. They had no warrant for his arrest, nor had any crime been committed in their presence. They told him they were going to carry him back to town, and he then drove off at a rapid rate of speed. They followed him about twelve miles in the country, and shot twelve times, hitting both fenders of his car, shot out the tail-light, and caused him finally to run his car off a bridge. He was then arrested and carried back to Statesboro. They were indicted and tried for the offense of shooting at another. A verdict of guilty, with a recommendation of misdemeanor punishment, was rendered. In passing sentence the court followed the recommendation.

Only the first headnote needs elaboration. Complaint is made that the court failed, without request, to charge on simple assault. To our mind the above facts constituted more than a bare assault; especially is this true when the defendants denied the shooting and made no claim that the shooting was done merely to frighten. In his statement at the trial one of the defendants said: "But, as far as shooting at that boy, I haven't shot at him and wouldn't let anybody else shoot at him if I knew it." In Crumbley v. State, 61 Ga. 582, 584, a defendant was tried under an indictment charging shooting at another, but was convicted of an assault. The contention for the defendant was that it was at Christmas time, and he and some others, who wanted to have some fun out of an engineer on a passing train, discharged at the engineer a gun which was loaded only with powder. In that case the court held that to fire a gun loaded only with powder at another is an assault.

When shot at, the engineer dodged. "It is not pretended that he [the engineer] knew with what the gun was charged, or for what purpose it was presented at him and fired. Those who shoot at their friends for amusement ought to warn them first that it is mere sport, and that there is no danger. Fun is rather too energetic, even for Christmas times, when it looks like a disposition to indulge in a little free and easy homicide. Shooting powder-guns at a man as a practical joke is among the forbidden sports." Neither of the defendants admitted that they shot at all, or contended that they shot merely for the purpose of frightening the prosecutor and causing him to stop. On the contrary they followed him for miles, and when he had dodged them they found him again and continued their following and continued to shoot, and in doing so repeatedly struck the car in which he was riding. Under such evidence, the failure to charge the jury on simple assault is not reversible error.

*Judgment affirmed. Broyles, C. J.; and Guerry, J., concur. MacIntyre, J., dissents.*

MacIntyre, J., dissenting. There being evidence in this case warranting the jury in concluding that in attempting to make an illegal arrest of Alton McCorkle, Edgar Hart and W. W. Strickland, police officers of the City of Statesboro and plaintiffs in error in this case, riding in an automobile driven by W. E. Floyd, pursued McCorkle for some distance at night and fired pistol bullets, some of which struck the tail-light and two rear fenders of the automobile in which McCorkle alone was fleeing; and Hart and Strickland having been convicted of shooting at another, and their defense having been that they did not shoot *at* McCorkle, I think, under the authorities cited in the majority opinion, that the court committed reversible error in failing (without request) to instruct the jury on the law of simple assault, and to apprise them of the fact that they might convict the defendants of the lesser offense of assault; and the fact that the jury recommended that the defendants be punished as for a misdemeanor does not cure the error. Under the indictment and the evidence I am of the opinion that the offense of a simple assault was necessarily involved, and that the court should have instructed the jury as to the principles of law applicable to this offense. I am in accord with the rule laid down in *Central Railroad* v. *Harris, 76 Ga. 501,*

511, "that, without any request of counsel or reminder of the court by counsel, the instructions of the court must substantially embrace the rule of law on the issues between the parties which the evidence makes. If that be done substantially, then there is a line of decisions. . . to the effect that if a charge be not full enough, or clear enough, or omits something that would put one side or the other more fairly before the jury than the charge given does, then the notice of the court must be called thereto, or the party complaining will not be heard here." In short, if the defendant did not shoot at McCorkle, but only shot at the car for the purpose of disabling the tires, I think the jury would have been authorized to find a verdict of simple assault. See *Edwards* v. *State*, *Holmes* v. *State*, *Copeland* v. *Dunehoo*, supra.