29543. POLHILL *v.* THE STATE.

DECIDED MAY 7, 1942.

*Will Ed Smith,* for plaintiff in error.
*M. H. Boyer, solicitor-general,* contra.

BROYLES, C. J. The defendant was indicted for the offense of assault with intent to murder Annie May Washington by unlawfully shooting her with a pistol, with malice aforethought, and with the intent to kill her. He was convicted of unlawfully shooting at another. His motion for new trial was overruled and that judgment is assigned as error. The undisputed evidence showed that the accused and the woman shot by him had a row in a negro café; that he called to her and she refused to come to him; that he then cursed her and shot her in the thigh with a pistol, and ran. The defendant introduced no evidence but made a statement to the jury in which he said that he didn't know the pistol was loaded;

that he was "just playing with the thing and it fired off;" that the shooting was an accident. However, he further said in his statement: "I had been going with her, and I called her that night and told her to come there and she failed to come . . , and this here Tobe Wilcox, he called her too, and I figured I was single and she was single, and me and her had been going together, and I figured she ought to come to me. . . The shooting come on all about this other fellow. It was an accident."

It is well-settled law that the jury can believe parts of a defendant's statement and reject other parts. *Brown* v. *State,* 10 *Ga. App.* 50, 54 (72 S. E. 537). The jury were authorized to find from the evidence and from certain parts of the defendant's statement that he, without malice, but under a sudden heat of passion aroused by jealousy, shot the woman, and to find him guilty of unlawfully shooting at another. If one unlawfully but without malice, and under a sudden heat of passion, shoots another with intent to kill, and death does not ensue, he may legally be found guilty of unlawfully shooting at another. *Haney* v. *State,* 64 *Ga. App.* 396, 398 (13 S. E. 2d, 384). The cases cited in behalf of the accused are distinguished by their facts from this case.

The court did not err in instructing the jury upon the law of unlawfully shooting at another, and the charge upon that principle of law, while subject to slight criticism, affords no cause for a new trial, the court having elsewhere charged the jury that if they should find that the shooting was accidental the defendant should be acquitted. The refusal to grant a new trial was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*