43397. BURGESS v. THE STATE.

SUBMITTED FEBRUARY 6, 1968—DECIDED FEBRUARY 21, 1968.

*Reuben M. Word,* for appellant.

*Wright Lipford, Solicitor General,* for appellee.

QUILLIAN, Judge. ■ The first and second enumerations of error assert that the evidence was insufficient to sustain the verdict and that the court erred in failing to grant the appellant's motion for a directed verdict of not guilty. The defendant, appellant here, specifically contends that the evidence did not support the verdict because: (1) "the evidence was insufficient to overcome the State's burden to prove that the burning was not accidental, or of providential cause"; (2) "the elements of the conspiracy as alleged in the State's indictment are an essential part of the State's case, since, by its own witnesses the appellant could not have actually started the fires as alleged. (The State's witness claims the appellant was the driver of the car and that the supposed incendiary objects came from the right side of the automobile). Nowhere in the record has the State shown any proof of such a conspiracy."

To support the contention that the State's evidence must prove the burning with malice and design and intent the appellant cites *Ragland v. State,* 2 Ga. App. 492 (58 SE 689); *West v. State,* 6 Ga. App. 105 (64 SE 130); *Burley v. State,* 6 Ga. App. 776 (65 SE 816); *Rice v. State,* 16 Ga. App. 128 (2) (84 SE 609); *Sevier v. State,* 17 Ga. App. 277 (86 SE 533). In the *Rice* case it is held: "In cases of alleged arson, where nothing appears but the burning, the law presumes that the fire was the result of accident or providential cause, and the burden of proof is on the prosecution to overcome this legal presumption." Hn. 2.

More than the fact of the burning appeared in the present case from the direct testimony of the witnesses. The evidence showed, not by circumstantial evidence but by direct evidence, that the defendant drove an automobile through the wooded lands of another; that another occupant of the vehicle cast a firebrand into the woods at one location and the defendant drove the automobile to another location where a second firebrand was thrown from the automobile into the woods; that he and the other occupants sped away in the automobile and finally fled on foot to avoid being apprehended. We think there was sufficient proof that the burning was wilful, malicious and without cause.

We now consider the contention that the State's evidence fell short of proving that the defendant actually perpetrated the crime or establishing a conspiracy that involved him in its commission. There was ample evidence that the defendant drove the automobile from place to place on the wooded lands while another occupant of the vehicle set fire to the woods. This was sufficient to establish that the defendant was a principal in the perpetration of the offense charged in the indictment, being an active participant present, aiding and abetting in its commission. *Code* § 26-501. While the defendant did not actually set fire to the woods, so far as the evidence disclosed, driving to the locations where the fires were started constituted actual participation in the commission of the crime. The same evidence was strong proof that a conspiracy existed between the defendant driver and the party who threw the firebrands to "wilfully, maliciously, and without cause burn the lands of another."

■ The third enumeration of error is: "the court erred in failing to instruct the jury without request as to the necessary elements of conspiracy to commit the offense charged." The court's charge fully instructed the jury as to the elements of conspiracy as related to Georgia practice. While the charge did not include reference to every rule of evidence applicable to conspiracy, in the absence of request it was not necessary that it be that comprehensive. The record discloses that counsel for the defendant, appellant here, made no objection as required by *Code Ann.* § 70-207 (Ga. L. 1965, pp. 18, 31; Ga. L. 1966, pp. 493, 498). This enumeration of error is without merit.

■ The fourth enumeration of error complains: "the court erred in failing to instruct the jury as to the lesser included offense of negligent burning as set out in Georgia Code § 26-3601 (1) (Ga. L. 1956, pp. 737, 739)." As appears from the discussion in the first division of this opinion the evidence submitted upon the trial authorized the defendant's conviction of "wilfully, maliciously, and without cause burning the lands of another," and that there was no evidence to present an issue as to whether the burning was negligent. In this situation the judge properly omitted from his charge allusion to any offense involving a negligent burning. Our appellate courts uniformly hold that the

judge should not charge relative to an issue concerning which there is no evidence. *Smith v. Harrison,* 92 Ga. App. 576 (5) (89 SE2d 273); *Reeves v. State,* 196 Ga. 604, 614 (27 SE2d 375); *Fuller v. Stone,* 207 Ga. 355, 357 (61 SE2d 467).

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*