## 43327. PENNINGTON v. THE STATE.

Eberhardt, Judge. 1. The jury was authorized, under the evidence, to return a verdict of guilty of shooting at another under an indictment charging that the defendant did, on a certain date, "unlawfully, with malice aforethought, assault, shoot at and towards John Nance with a pistol, the same being a weapon likely to produce death, with intent then and there to kill and murder said person so assaulted." Enumeration 15 is without merit.

2. Where the defendant's explanation of his action in shooting at two people who came to an apartment occupied by two women was that while in Florida a day or two before he had received a long distance call from one of the women asserting that she had been raped and that some items had been stolen from her apartment, the defendant's character was not put in evidence by proof tending to show that the woman claiming to have been raped was a prostitute, and that defendant's wife

was likewise a prostitute, this evidence having been offered and admitted solely for the purpose of showing motive. Proof of a motive is not a requisite for conviction of the offense of shooting at another (*Ray v. State*, 82 Ga. App. 550 (61 SE2d 779)), but it is relevant and permissible. "While motive is not an element of [the] crime and proof thereof is not essential to sustain a conviction, it is of great probative force in determining guilt, especially in cases of circumstantial evidence." 22 CJS 107, Criminal Law, § 31 (1). "Evidence tending to show motive is always relevant and admissible." *Wall v. State*, 153 Ga. 309 (1) (112 SE 142). Accord: *Wall v. State*, 126 Ga. 86 (4) (54 SE 815); *Boone v. State*, 145 Ga. 37 (1) (88 SE 558). Enumerations 1 through 5 are without merit.

3. Appellant asserts error in the failure of the court, before arguments to the jury began, to inform his counsel of the intended disposition of requests to charge presented in his behalf. The record indicates that when this exception to the charge was made in the trial court, the court replied that the requests were not submitted until counsel "started to argue." Consequently, it not appearing that there was opportunity for the court to inform counsel of his intended disposition of the requests before arguments to the jury began, no error is shown. Enumeration number 6 is without merit.

4. Error is charged in the refusal of the court to permit counsel to object to portions of the charge before verdict. This case was doubtless tried under the misapprehension by the court that criminal trials had been excepted from the provision of the Act requiring that exceptions to the charge be made before verdict, as was attempted by Ga. L. 1967, p. 220, which was held to be void for the lack of an enacting clause in *Joiner v. State*, 223 Ga. 367 (158 SE2d 8).[1] Denial of an opportunity to except to the charge before verdict was error and, but for the fact that the evidence demanded the verdict which the jury returned, as is pointed out in Headnote 7, it would require the grant of a new trial.

5. Enumerations which are neither argued nor supported by citations of authority are deemed to have been abandoned.

---

[1] Reenacted with an enacting clause at the 1968 session of the General Assembly. See H. B. 1044.

We find no argument or support in appellant's brief for Enumerations 8, 9 and 10.

6. In Enumeration 11 appellant asserts error in the refusal of the court to give his request to charge that if he did not hit the alleged intended victims, an intent to hit (in shooting at them) could not be inferred but must be proved beyond a reasonable doubt in order to convict of the offense of shooting at another. This request was adequately covered in the general charge.

Moreover, it is not necessary that an intent to kill, or even to wound, appear in order to authorize a conviction of the offense of shooting at another. *Fallon v. State,* 5 Ga. App. 659 (1) (63 SE 806); *Prater v. State,* 16 Ga. App. 296 (2) (85 SE 204); *Hart v. State,* 55 Ga. App. 85 (4) (189 SE 547); *Polhill v. State,* 67 Ga. App. 325 (20 SE2d 200). And see *Crumbley v. State,* 61 Ga. 582, and *Clark v. State,* 84 Ga. 577 (10 SE 1094), where the assailant used a gun loaded only with blank cartridges, and *Johnson v. State,* 113 Ga. App. 361 (147 SE2d 878), where the defendant asserted that he had only shot his gun in the air.

7. Enumerations 12 and 13 urge error in the refusal of the court to give requested charges that the jury might consider the lesser offenses of assault and of pointing a pistol at another, relying upon *Livingston v. State,* 6 Ga. App. 208 (64 SE 709), which, in turn, cites *Jenkins v. State,* 92 Ga. 470 (17 SE 693), both holding that the statutory offense of pointing a pistol at another may be included in the offense of assault with intent to murder.

Pretermitting the substantial differences in the language of the indictments in those cases and in the one here under consideration—there being no allegation in the present indictment that there was any pointing or aiming of the pistol as there was in those cases (see *Gaines v. State,* 108 Ga. 772 (2) (33 SE 632); *Lanier v. State,* 28 Ga. App. 97 (1) (110 SE 682)) —we conclude that the evidence here, including the defendant's statement, demanded the verdict of the offense of shooting at another.

The State's witnesses testified that the defendant shot at them as they ran down an alley between the house and that next door seeking to escape his attack, and that two bullet holes found in the side of the house next door by investigating police shortly after the occurrence indicated that they were "in the

line of fire." The defendant, in his statement, asserted that when "the bigger boy rolled off the porch and ran *I fired a shot at him.* . . When the second boy jumped over the wall and ran *I fired a shot* up again . . ." and that altogether he fired five or six shots at them. Concerning the matter of pointing the pistol, he said "I don't believe I pointed the pistol at them."

Thus the evidence, together with the defendant's statement, demanded a finding that he *shot* (not merely pointed) the pistol *at* the prosecuting witnesses.

Thus, if, as we conclude, the evidence demanded a finding that the defendant unlawfully shot at another, the lesser offenses of pointing a gun and assault and battery were not involved, and there was no occasion to charge as to these. *Burgess v. State,* 117 Ga. App. 284, 286 (3) (160 SE2d 411), and compare *Coney v. State,* 101 Ga. 582 (28 SE 918) ; *Tyre v. State,* 112 Ga. 224 (37 SE 374) ; *Kendrick v. State,* 113 Ga. 759 (39 SE 286).

It is apparently on this basis that the trial court denied the requests. Even if it were error to deny the requests, under this state of the evidence the error was harmless. "The evidence is overwhelming that the defendant is guilty, and where such is the case, even errors in the admission or rejection of testimony, or in the charge of the court, will not operate so as to require a new trial." *Hagar v. State,* 71 Ga. 164, 166; *Seyden v. State,* 78 Ga. 105 (4). "The evidence demanded the conviction of the accused, and it was therefore immaterial what the judge charged or failed to charge the jury." *Cason v. State,* 16 Ga. App. 820 (4) (86 SE 644) ; *Williams v. State,* 15 Ga. App. 311 (82 SE 817) ; *Usry v. State,* 17 Ga. App. 268 (2) (86 SE 417) ; *Bernolak v. State,* 18 Ga. App. 7 (2) (89 SE 302) ; *Miller v. State,* 24 Ga. App. 354 (2) (101 SE 197) ; *Cherry v. State,* 38 Ga. App. 388 (144 SE 50) ; *Pierce v. State,* 41 Ga. App. 498 (1) (153 SE 434) ; *Hall v. State,* 45 Ga. App. 519 (2) (165 SE 466) ; *Kennedy v. State,* 51 Ga. App. 543 (181 SE 139). This applies to the denial of a request to charge. *Usry v. State,* supra. And compare *Berry v. State,* 87 Ga. 579 (13 SE 690). These enumerations are without merit.

8. There was no error in refusing a mistrial because, at the close of the defendant's statement, the solicitor inquired of the court, "Do we get to cross examine?"—the court simply reply-

ing in the negative. While this is a practice to be avoided, and should be disapproved, it did not amount to a comment to or before the jury that the defendant had elected not to testify under oath.

*Judgment affirmed. Bell, P. J., Jordan, P. J., Hall, Pannell, Deen, Quillian and Whitman, JJ., concur. Felton, C. J., dissents.*

SUBMITTED JANUARY 8, 1968—DECIDED APRIL 8, 1968— REHEARING DENIED APRIL 29, 1968—CERT. ■

*Albert M. Horn, Glenn Zell,* for appellants.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, Carter Goode,* for appellee.

FELTON, Chief Judge, dissenting. I dissent from the judgment and the respective rulings in the several divisions of the majority opinion indicated.

1. I dissent from the ruling in Division 2 of the majority opinion because the State attempted to put the defendant's character in issue by proving a motive for the defendant's conduct in his dealings with the two men who were allegedly shot at and a third man, the attempted motive being that the defendant was soliciting business for his wife and another woman, both of whom were prostitutes, and that extorting money from the three men was the defendant's purpose. There is not one shred of evidence of any kind which would authorize a finding that the defendant was soliciting business for the two women.

2. I dissent from the ruling in Division 7 of the opinion. I think that the jury would have been authorized to find the defendant guilty of pointing a pistol at another, on the two counts, and the court should have so charged, as requested. *Jenkins v. State,* 92 Ga. 470, supra.

If I am correct in my understanding of the case of *Jenkins v. State,* supra, the reasoning of the majority is erroneous. My understanding of the ruling in that case is that the jury was not *required* to find the defendant guilty of shooting at another, even though the evidence authorized that finding, and that the jury could find a verdict of pointing a weapon at another. If I am

correct, by refusing to permit the jury to bring in a verdict of pointing a weapon at another by not giving the principle in charge, the court deprived the defendant of a substantial constitutional right. The majority reasons that the error of the court is harmless by reason of the fact that the evidence demands a verdict of guilty of shooting at another. I think the majority goes too far. I think it would be going too far even if the law were contrary to what I think it is with reference to a finding of pointing a weapon at another. I have never seen such treatment of a defendant's statement, even considering it as unambiguous. But I think that it is ambiguous and that the jury could have found that even though the defendant stated that he "shot at" the two parties he did not mean to say that he aimed directly at them because he *specifically denied that he shot with the intent to hit the two men*. The majority is depriving a jury of the duty to construe the defendant's testimony. That's a jury's job, not ours, in such a case as this. The following statement from a Mississippi case supports my theory that the defendant could have meant that he shot in "the general direction of" the two men, and not that he was pleading guilty to the charges. The court said: "We cannot see that the words 'at and towards' have the effect of narrowing the charge in the declaration of liability, as contended. These words have somewhat indefinite meaning. In the Century Dictionary 'at' is described as 'a preposition of extremely various use.' It is therein said that, according to its context, it is equivalent to 'near, about under, over, toward.' The same dictionary defines 'toward' as meaning 'in the direction of.' Anderson's Law Dictionary says the word 'at' 'is somewhat indefinite.' A statute of Indiana made the pointing of a firearm 'at or toward any other person' an offense. In the case of Lange v. State, 95 Ind. 114, it was held that the pointing of a gun at the door of a dwelling wherein [was] the person threatened was a sufficient proof that the gun was pointed 'at or toward.' The court said: 'The word "toward" is of very comprehensive signification, for it means, "in the direction of." ' The general significance of these words is controlled by the context. This is so in the case at bar. The charge against the sheriff is his failure in his official duties, con-

sisting of his improper use and discharge of a firearm. It is admitted that he fired his pistol and that the ball therefrom struck and killed Johnston. The ball went out of the muzzle of the weapon and went into the head of the unfortunate youth. The ball was going in the direction of its victim when it struck. The sheriff, when asked by his own counsel on direct examination, 'Did you shoot at him?' answered, 'Yes.' He evidently understood 'at' to mean in the general direction of." State v. Cunningham, 107 Miss. 140, 150 (65 S 115, 51 LRA (NS) 1179).