## 54077. LOAR v. THE STATE.

McMurray, Judge.

Defendant was charged by accusation with the offense of a misdemeanor, driving under the influence of alcohol. The jury returned a verdict of guilty, and defendant appeals. *Held:*

1. The defendant contends that the trial court erred by failing to charge the jury that the presumptions authorized by Code Ann. § 68A-902.1 (b) (3) (Ga. L. 1974, pp. 633, 672) may be rebutted. But the defendant offered no evidence in rebuttal, and the court did not err in failing to charge relative to an issue concerning which there is no evidence. *Burgess v. State,* 117 Ga. App. 284 (3) (160 SE2d 411); *Rogers v. State,* 137 Ga. App. 319 (2) (223 SE2d 456). See also *Lockhart v. Liberty Mut. Ins. Co.,* 141 Ga. App. 476, 479 (2) (233 SE2d 810).

2. The arresting police officer testified that she had administered a photo-electric intoximeter test to defendant using the procedures outlined by the state crime laboratory, and she also testified as to results of that test. Code Ann. § 68A-902.1 (a) (1), supra, provides that upon the trial of a criminal action arising out of acts alleged to have been committed by any person while driving under the influence of alcohol or drugs, evidence of the amount of alcohol or drugs in a person's blood at the alleged time, as determined by a chemical analysis of the person's blood, urine, breath or other bodily substance, shall be admissible if such chemical analysis shall have been performed according to methods approved by the state crime laboratory and by an individual *possessing a valid permit issued by the state crime laboratory for this purpose.* The state introduced a copy of the arresting police officer's permit card which authorized her to perform analyses utilizing photo-electric intoximeter Model 300 or 400 *only.* Generally, the question of whether

a witness has such learning and experience in a particular field of endeavor as to entitle him to be deemed prima facie an expert, is a matter addressed to the sound discretion of the trial court, and such discretion will not be disturbed unless it is manifestly abused. *Rouse v. Fussell,* 106 Ga. App. 259 (4) (126 SE2d 830), and cits. on p. 262. Objection was made that a proper foundation had not been laid for her testimony or a proper showing that she was qualified to administer such a test. Whereupon, the court asked her whether or not she knew the model number of the photo-electric intoximeter that she used for the test. The police officer then testified that she did not remember the number of the model of photo-electric intoximeter she had used in administering the test to defendant, but believed it was a Model 633. Of course, an expert witness cannot be restricted to the actual test required, and his knowledge and expertise may be presented by other testimony. See *Herrin v. State,* 138 Ga. App. 729 (7) (227 SE2d 498). But here she offered very limited testimony as to her training to conduct analyses on Models "300 and 400 only," and she was not certain of the model she used believing it was "633." The state failed to show that the police officer who administered the intoximeter test to defendant utilized either a "Model 300" or "Model 400" and was thus authorized according to the provisions of Code Ann. § 68A-902.1 (a) (1), supra. The court erred in failing to strike the testimony of the police officer as to defendant's blood alcohol content.

3. Enumeration of error number 1 relating to a possibility of tainting of a jury panel before which this case was tried need not be considered as the judgment is reversed for reasons stated in Division 2.

*Judgment reversed. Bell, C. J., and Smith, J., concur.*

ARGUED MAY 24, 1977 — DECIDED JULY 14, 1977.

*Guy B. Scott, Jr.,* for appellant.
*Ken Stula, Solicitor,* for appellee.