## 59866. NEWKIRK v. THE STATE.
## 59867. JACKSON v. THE STATE.

McMURRAY, Presiding Judge.

Defendants, along with another alleged participant (co-indictee), were indicted for the offense of armed robbery in the taking of a certain sum of United States currency from the person of another "by use of a gun, the same being an offensive weapon." Both of these defendants appearing in these appeals were jointly tried and convicted and each sentenced to serve a term of ten years. *Held:*

1. While all of the enumerations of error in the two cases are not identical, the review here will still be considered simultaneously. The defendants here were also jointly indicted and tried for the offense of criminal attempt to commit robbery as well as the armed robbery here involved. They were acquitted of the criminal attempt occurring earlier on the same day as the alleged crime here charged.

The state's evidence here was that at about 1:40 a.m. on November 9, 1978, the two defendants who were involved (together with the co-indictee who pleaded guilty to the armed robbery offense) were seen together; an automobile was borrowed by one of them, and about 3:00 a.m., they attempted to rob one convenience store in Milledgeville, Georgia, but left when a key on the cash register caused it to emit a signal "indicating the wrong button had been pushed." As they fled one of the defendants here grabbed a bag of "candy corn" but as one of the employees attempted to grab it back a portion of the bag was torn causing some of the "candy corn" to spill. Shortly thereafter, they entered another convenience store with one of the participants carrying a .30-.30 rifle, took money from the cash register, including 22 or 23 one dollar bills and fled. After exiting the store a bullet was fired through the plate glass window. The automobile which had been borrowed was returned by the two defendants and the co-indictee to the owner at which time one of the defendants here had in his hand a number of crumpled one dollar bills and what "looked like a barrel of a rifle or a shotgun hanging down from under" the coat he had on.

The police were immediately notified, bloodhounds were brought to the store which led the officers to a point a block away where spilled "candy corn" was found. The bloodhounds lost the trail at this point but when the police were notified that suspects were seen running in another area, the bloodhounds again picked up a scent and

led the police to a residence where one of the defendants here and the co-indictee were staying. One of the defendants was found lying on a sofa. A pillow case on the sofa was found to contain 22 one dollar bills and a ten dollar bill. A .30 caliber cartridge was found under a rug near the front door. An orange colored knit cap, wrapped and loose coins, and an army fatigue jacket were found in a bedroom of the residence of one of the defendants here and the co-indictee. The coins were found in a paper sack bearing markings made by the manager of the convenience store which was robbed. "Candy corn" of the type taken earlier from the other convenience store was found in the borrowed automobile later the same morning of the robbery.

Eyewitnesses to the crime identified the defendants in court based on their observation of these two defendants at the time of the robbery. This testimony in addition to the other direct and circumstantial evidence was ample to support the verdict of guilty, and the enumerations of error containing the substance of the general grounds of a motion for new trial are not meritorious. After a careful review of the trial transcript and record we find, and so hold, that a rational trier of fact (the jury in the case sub judice) could reasonably have found each defendant here guilty beyond a reasonable doubt of the offense of armed robbery. See *Dukes v. State,* 151 Ga. App. 312, 313 (259 SE2d 706); *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Thomas v. State,* 245 Ga. 688, 690 (1) (266 SE2d 499); *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920).

2. A pretrial motion to suppress the identification testimony of two of the eyewitnesses was made because of the alleged taint of misidentification and impermissibly suggestive photographic lineups. There was some question as to whether four participants were involved in the alleged crimes as a fourth person was identified as being a participant. There were two separate instances in which photographs were presented to the eyewitnesses to determine the participants. The photographs were presented separately to the eyewitnesses but did not in each instance contain the photographs of both defendants involved in these appeals. However, three of the four persons suspected of being involved as participants were positively identified as being involved in the crimes for which these defendants were identified as being involved. " '[C]onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.' Simmons v. United States, 390 U. S. 377, 384 (88 SC 967, 19 LE2d 1247)." *Clark v. State,* 149 Ga. App. 641, 643 (1) (255 SE2d 110). We

do not find from the photographic lineup that the procedure employed was impermissibly suggestive as claimed by the movants. *Heyward v. State,* 236 Ga. 526, 527-529 (1) (224 SE2d 383); *Dodd v. State,* 236 Ga. 572, 573-574 (224 SE2d 408). The mere fact that the first series of six photographs presented to one of the eyewitnesses contained only one photograph of one of the defendants and this eyewitness identified positively one defendant and another person as a possible participant was in no way impermissibly suggestive. A few days later this eyewitness was presented a series of nine photographs at which time this eyewitness identified positively two of the indicted defendants and the other indicted participant tentatively. This eyewitness then positively identified the tentatively identified party as a participant. The other eyewitness, when presented nine photographs, positively identified two of the participants and the third tentatively, although earlier when shown six photographs not containing one of the defendants, he picked out one defendant and another alleged participant who has not been tried. While there was some misidentification under the circumstances in which in some instances only tentative identification of participants was made by the eyewitness, nevertheless, at the trial the eyewitnesses made positive in court identification which was based on the witnesses' observation during the robbery. Even under the tests set forth in Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401), the lineup of photographs was not unduly suggestive and not subject to the criticism of being "all but inevitable." The police never told the eyewitnesses that any one of the suspects was the man. The eyewitnesses had opportunity to observe the criminals at the time of the crime, and attention was focused on the robbery by them and one of these eyewitnesses was the victim. Very little time elapsed between the time the robbery occurred and the identification by photographic lineup.

Considering the totality of the circumstances it was not error to refuse to suppress the identification testimony here. *Heyward v. State,* 236 Ga. 526, 529 (1), supra. There is no merit to these complaints.

Furthermore, the trial court, in overruling the motion to suppress, did not impose a burden upon the defendants of proving the pretrial identification was tainted or impermissibly suggestive but heard the testimony of all concerned and then ruled that the burden placed upon the state to show same has not been suggestive or impermissible or an unfair exposure either by photographic lineup or by confrontation was sufficient to show "it was not true."

3. The trial court did not err in allowing in evidence an orange knit cap found in the room of one of the alleged robbers, inasmuch as

one eyewitness testified that one of the alleged robbers "with the gun had an orange hat." Another witness as to the attempted robbery observed "a flash of orange." Another eyewitness to the alleged crime of robbery testified: "I seen an orange cap somewhere on one of them." Although no witness was able to positively say that the orange knit cap entered into evidence was worn by one of the participants, there was testimony that one wore "an orange hat," and this knit cap allowed in evidence was found in the room where money allegedly taken in the robbery was also found. The knit cap was admissible in evidence based on the testimony indicating that it was similar in color and description to the "orange hat" testified to by one witness. *Jung v. State,* 237 Ga. 73, 74 (1) (226 SE2d 599); *Taylor v. State,* 243 Ga. 222, 226 (7) (253 SE2d 191).

The trial court did not err in allowing this item in evidence as it was for the jury to determine the credibility and weight that should be given to the evidence. See *Felker v. State,* 144 Ga. App. 458, 459 (2) (241 SE2d 576) and citations therein. There is no merit to this complaint.

4. Objection was made to the following charge of the court: "Other facts may also be considered for the purpose of identifying the defendant. Evidence of articles owned by the defendant and found at or near the scene of the crime is universally admitted." The above quoted language is found in an instruction by the court to the jury with reference to the testimony as to the identity of the participants, the defendants herein. In complaining of this excerpt counsel for one of the defendants contends that the above is no doubt a correct principle of law but contends that in this instance no personal items of clothing or other objects were left at or near the scene of the crime. However, the state replies that "candy corn" was seized by one of the robbers at the earlier attempted robbery. Thereafter "candy corn" was found by a detective less than one block from the convenience store that was robbed. There was evidence offered that established that "candy corn" was taken by one of the robbers at the earlier convenience store and further "candy corn" was found in the automobile which one of the defendants had borrowed and in which they and the co-indictee were riding on the morning of the robbery. It cannot be said here that the trial court instructed the jury with reference to an issue concerning which there was no evidence. See *Loar v. State,* 142 Ga. App. 875 (1) (237 SE2d 237); *Burgess v. State,* 117 Ga. App. 284 (3), 287 (160 SE2d 411). Even so, it is doubtful that the jury would have been confused by the charge with reference to articles of clothing, that is, the knit cap and jacket which were found in the dwelling where one of these defendants and the co-indictee resided when the bloodhounds led them to the dwelling. The

enumeration of error complaining of the charge is not meritorious.

5. A written request to charge by one of the defendants was given in charge by the trial court. The complaint here by one of the defendants is that the court had not indicated that the written request would be given at all or if it was to be given that it would be given in substantially different wording, contending that the trial court should have notified counsel that this charge would in fact be given in order to allow counsel to argue said charge to the jury. It is contended that the failure on the part of the trial court caused great prejudice to the defendant's case with reference to the eyewitness identification of the defendant. Under Code Ann. § 70-207 (b) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078), "The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury." After the charge was given and this objection was called to the attention of the court, the trial court indicated that it thought it had informed counsel of his intent to charge the substance if not the exact wording. However, we find in the transcript of the proceedings that counsel for the defendant argued quite persuasively with reference to points contained in the charge, that is, the identification by the two eyewitnesses at the time of the robbery. Counsel advised the jury as follows: "Now I believe the judge is going to charge you, you know, like I told you in the opening, he is going to tell you the law that is applicable to this case, and he is going to charge you that it is the State's burden to prove the defendants guilty beyond a reasonable doubt. He is also going to charge you that a reasonable doubt can arise both from the evidence presented, such as all the evidence presented by these eyewitness identifications, which are shaky at best, but also from the evidence that is not presented." Also, the court's handwriting is found upon the written request to be as follows: "Charged as modified and requested 7/19/79" with initials of the trial judge. We find no merit in this complaint. See *Daniels v. State,* 137 Ga. App. 371, 374-376 (224 SE2d 60). Compare *Evans v. State,* 146 Ga. App. 480, 482-483 (246 SE2d 482), wherein the facts are clearly distinguishable from the case sub judice.

Having considered each and every enumeration of error of the two defendants involved in these appeals and having found no reversible error, the judgments of conviction and the sentences must be affirmed.

*Judgments affirmed. Smith and Banke, JJ., concur.*

Argued May 7, 1980 — Decided July 16, 1980 —
Rehearing denied July 30, 1980 —

*A. C. Martinez, Jr.,* for appellant (Case No. 59866).

*Lonzy F. Edwards,* for appellant (Case No. 59867).

*Joseph H. Briley, District Attorney, Reginald Bellury, Assistant District Attorney,* for appellee.